**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JAMES D. CRUM**
Coots, Henke & Wheeler, P.C.
Carmel, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARCO ANTONIO MARTINEZ, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 29A02-1209-CR-699 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HAMILTON CIRCUIT COURT
The Honorable Paul Felix, Judge
Cause No. 29C01-1105-FA-7923

**June 10, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

On March 31, 2011, Appellant-Defendant Marco Martinez sold approximately four grams of cocaine to a confidential informant in a controlled buy conducted by the Hamilton and Boone County Drug Task Force. On April 6, 2011, Martinez sold just under six grams of cocaine to the same confidential informant in another controlled buy conducted by the Hamilton and Boone County Drug Task Force. Martinez was subsequently charged with two counts of Class A felony dealing in cocaine and two counts of Class C felony possession of cocaine. Following trial, Martinez was convicted of both counts of Class A felony cocaine. He was subsequently sentenced to an aggregate thirty-five-year term of incarceration. On appeal, Martinez contends that his thirty-five-year sentence is inappropriate. Concluding that Martinez's sentence is not inappropriate, we affirm.

## FACTS AND PROCEDURAL HISTORY

On March 31, 2011, Martinez sold 4.18 grams of cocaine to a confidential informant ("CI") in a controlled buy conducted by the Hamilton and Boone County Drug Task Force (the "local drug task force"). On April 6, 2011, Martinez sold 5.91 grams of cocaine to the CI in another controlled buy conducted by the drug task force. For both transactions, Martinez met the CI in the parking lot of Clarion North Hospital in Carmel.

At trial, the CI testified that the two transactions were consistent with her prior drug buys from Martinez as to where the transactions took place and the amount of cocaine sold in each transaction. The State presented the results of the laboratory tests, which established that Martinez sold 4.18 grams and 5.91 grams of cocaine in the first and second transactions, respectively. The State also presented audio and video surveillance recordings of the two

2

transactions.

On May 25, 2011, the State charged Martinez with two counts of Class A felony dealing in cocaine[1] and two counts of Class C felony possession of cocaine.[2] Following a two-day trial that was conducted on July 9-10, 2012, a jury found Martinez guilty of two counts of Class A felony dealing in cocaine. The trial court conducted a sentencing hearing on August 30, 2012. The trial court sentenced Martinez to thirty-five years for each count. The trial court ordered that the sentences should run concurrent to one another, for an aggregate term of thirty-five years.[3] This appeal follows.

## DISCUSSION AND DECISION

Martinez contends that his thirty-five-year sentence is inappropriate in light of the nature of his offenses and his character. Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In analyzing such claims, we "'concentrate less on comparing the facts of [the case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character.'" *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (quoting *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct.

---

[1] Ind. Code §§ 35-48-4-1(a)(1) and (b)(1).
[2] Ind. Code §§ 35-48-4-6(a) and (b)(1)(A).
[3] The trial court also ordered that Martinez's sentence should be served consecutively to his sentence in an unrelated cause under Hamilton County cause number 29D01-0904-FB-43.

3

App. 2002), *trans. denied*). The defendant bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

With respect to the nature of his offenses, Martinez argues that his aggregate thirty-five-year sentence is inappropriate because his convictions resulted from a sting operation orchestrated by the local drug task force and a CI who was attempting to avoid a prostitution charge. In making this claim, Martinez asserts that he did not arrange the transactions or the amount of cocaine sold. Rather, he claims that the CI twice initiated contact with him and, both times, requested that Martinez sell her an amount of cocaine that was sufficient to elevate the charge from a Class B felony to a Class A felony. Martinez relies on the Indiana Supreme Court's opinion in *Beno v. State*, 581 N.E.2d 922 (Ind. 1991), in support of his claim that his sentence is inappropriate.

In *Beno*, the defendant was convicted of one count of Class A felony dealing in cocaine, one count of Class B felony dealing in cocaine, and one count of Class D felony maintaining a common nuisance. 581 N.E.2d at 923. The trial court sentenced defendant to seventy-four years imprisonment, the maximum possible sentence. *Id.* at 924. In imposing a seventy-four-year sentence, the trial court indicated that it was ordering the sentences to be served consecutively in order that the defendant "would 'never see the light of day again.'" *Id.* Upon review, the Indiana Supreme Court held that a seventy-four-year sentence was manifestly unreasonable in light of the facts surrounding the defendant's criminal acts, namely that the defendant was convicted of committing virtually identical crimes separated by only four days and the crimes were committed as a result of a police sting operation. *Id.*

4

In finding the defendant's sentence to be manifestly unreasonable, the Supreme Court did not take issue with the fact that the trial court imposed the maximum possible sentence for each of defendant's separate criminal acts but held that upon re-sentencing, the trial court should order that the sentences for each conviction be served concurrently, for a total aggregate sentence of fifty years. *Id.*

In the instant matter, unlike *Beno*, the trial court did not impose the maximum possible sentence. The thirty-five-year sentence imposed for each of Martinez's Class A felony convictions was not the maximum possible penalty for a Class A felony.[4] In addition, also unlike in *Beno*, the trial court ordered that the sentences for each of Martinez's criminal convictions be served concurrently, leaving Martinez with a shorter aggregate sentence than that approved by the Supreme Court in *Beno*. As such, despite Martinez's claim to the contrary, we are not persuaded that the Indiana Supreme Court's decision in *Beno* would require us to conclude that Martinez's aggregate thirty-five-year sentence is inappropriate in light of the nature of his offenses.

The evidence presented at trial demonstrates that Martinez sold cocaine to the CI on two separate occasions. On the first occasion, Martinez sold 4.18 grams of cocaine to the CI. On the second occasion, Martinez sold 5.91 grams of cocaine to the CI. The CI testified that these transactions were consistent with her prior drug buys from Martinez with respect to the amount of cocaine sold. Moreover, Martinez did not claim that he was unwilling to sell or

---

[4] *See* Ind. Code § 35-50-2-4 (providing that "[a] person who commits a Class A felony shall be imprisoned for a fixed term of between twenty (20) and fifty (50) years, with the advisory sentence being thirty (30) years").

5

that he was tricked into selling cocaine to the CI. Rather, Martinez admitted to participating in the drug transactions and indicated that he believed that by completing the instant transactions, he was trading drugs for sex.

With respect to his character, Martinez claims that his thirty-five-year sentence is inappropriate because he was employed and paying child support for his two children at the time of his arrest. Martinez also claims that his sentence is inappropriate in light of his "relatively short" criminal history. Appellant's Br. p. 5. Martinez's criminal history includes two prior Class D felony dealing in marijuana convictions. In addition, at the time Martinez committed the instant offenses, he was awaiting sentencing on a conviction for Class B felony dealing in cocaine. This criminal history indicates that Martinez had previously been and continued to be involved in the sale of drugs. In addition, the pre-sentence investigation ("PSI") report completed prior to sentencing in the instant matter indicates that Martinez had previously violated the terms of his probation and home detention. The PSI report also indicates that the Martinez was evaluated under the Indiana Risk Assessment System, and was determined to be a "very high" risk to re-offend. PSI p. 8. Martinez's criminal history and his commission of the instant criminal acts indicate an ongoing disregard for the law.

Further, despite the fact that Martinez was employed and was paying child support for his two children at the time of his arrest, a review of the record indicates that Martinez is of poor character. Martinez admitted that he sold the drugs in question to the CI but claimed he believed that he was "trading drugs for sex." PSI p. 6. Martinez also admitted that he is affiliated with the Surenos gang, that he "enjoys taking risks and has been involved in fights

in the prison," that his best friends are convicted felons, and that he sells drugs in order to support his drug habit, which includes marijuana use and "heavy" cocaine use. PSI p. 7.

In summary, Martinez sold well over three grams of cocaine to a CI on two separate occasions. His criminal record shows a history of dealing drugs and that prior attempts to rehabilitate his behavior have failed. Martinez is admittedly a member of a gang who sells drugs to support his drug habit. In light of these facts, we cannot say that Martinez's thirty-five-year sentence is inappropriate.

The judgment of the trial court is affirmed.

RILEY, J., and BROWN, J., concur.